O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. WILLIAMS,<br><br>　　　　　Petitioner,<br><br>　　vs.<br><br>PBH REGION III (Parole Board), et al.,<br><br>　　　　　Respondents. | CASE NO. CV 10-00148 SJO (RZ)<br><br>ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE |

The Court will dismiss this habeas action summarily for two independent reasons. First, Petitioner expressly states that he currently has at least one pending challenge to his recent revocation of parole. Second, in light of his revocation date of September 8, 2009, he almost certainly cannot have exhausted his claims in the California Supreme Court prior to commencing this action, as is required.

**I.**

**INTRODUCTION**

Generally, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be

notified." More specifically, the Ninth Circuit indicates that a district court presented with an entirely unexhausted petition may, or even must, dismiss the action. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."), *citing Jimenez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (district court is "obliged to dismiss [an entirely unexhausted petition] immediately" once respondent moves for such dismissal).

The petition is unexhausted in two senses. First, Petitioner already has pending challenges to the same parole revocation that is targeted here. Second, he cannot have had sufficient time since his September 9, 2009 revocation to have sought and obtained a ruling on those challenges from the California Supreme Court.

## II.
## APPLICABLE EXHAUSTION LAW
### A.  The General Rule Requiring Pre-Filing Exhaustion Of Claims

As a matter of comity between state and federal courts, a federal court should not address the merits of a habeas corpus petition unless the petitioner first has sought state judicial review of every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Indeed, Congress has instructed that a habeas petition brought by a person in state custody cannot be *granted* "unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Under some circumstances, an unexhausted petition may be *denied* on the merits. 28 U.S.C. § 2254(b)(2). However, in the usual case, the most appropriate course of action for a district court presented with an unexhausted petition is to dismiss the petition without prejudice. *Hoxsie v. Kerby*, 108 F.3d 1239, 1242 (10th Cir. 1997).

## B. The *Sherwood* Doctrine Barring Parallel Proceedings

If a petitioner has post-conviction proceedings pending in state court, the federal exhaustion requirement is not satisfied. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *see also Belbin v. Picard*, 454 F.2d 202, 204 (1st Cir. 1972) (rejecting federal habeas relief where petitioner's state-court challenge to his conviction was still pending) ("We cannot too strongly condemn the practice of proceeding with post trial relief in two courts simultaneously . . . ."). A would-be federal habeas petitioner generally must await the outcome of any pending state-court challenges to his state conviction before proceeding in federal court, even if the issue he plans to raise in federal court has been finally settled in state court, and hence seemingly exhausted. *See Sherwood*, 716 F.2d at 634. Even if the pending state proceedings cannot resolve a federal constitutional issue raised in the federal petition, those state proceedings nevertheless may result in a reversal of the conviction for some other reason, thereby rendering the federal petition moot. *Id.* (citations omitted).

A petitioner may not complete the exhaustion process in state court after filing a then-unexhausted federal petition, because –

> [t]he appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for hearing in the district court or court of appeals. Whether [Petitioner] currently has any state remedies available to him may be raised when and if [Petitioner] files another habeas petition in the district court.

*Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999) (citations omitted) (*quoting Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993) (*per curiam*)); *accord*, *Domaingue v. Butterworth*, 641 F.2d 8, 14 (1st Cir. 1981) (declining to take judicial notice of state court decision allegedly establishing exhaustion, rendered after filing of federal habeas petition that was unexhausted at time of filing).

## III.
## DISCUSSION

Petitioner admits that, at the time he presented his petition, he had two pending state-court challenges to his parole revocation. Specifically, he points to not-yet-decided challenges directed to "Torrance Superior Court Judge Alan B. Honeycutt" and United States District Judge Lawrence K. Karlton of the Eastern District of California, who is inaccurately described as a "California Supreme Court" judge. (Petitioner makes the same mistake in the current petition, addressing this Court as the California Supreme Court. That Court indeed is where Petitioner's claims belong, at least before they properly may arrive here, but Petitioner has employed a federal-court habeas form and, obviously, mailed his materials here instead of there.) The *Sherwood* doctrine requires the petition's dismissal.

In addition, the Court notes that Petitioner is challenging a September 9, 2009 revocation of parole. As a practical matter, it is nearly impossible for Petitioner to have exhausted his claims in the California Supreme Court in only four months.

Accordingly, the Petition is DISMISSED WITHOUT PREJUDICE.

DATED: January 19, 2010

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented By:

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE